IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-08-042 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## ORDER DENYING APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Bee County, Texas. On February 4, 2008, petitioner filed this petition for a writ of habeas corpus challenging a disciplinary proceeding by the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), along with a memorandum in support. (D.E. 1, 2). He also filed a petition and memorandum challenging a separate proceeding. Henderson v. Quarterman, No. 08-CV-043, at Docket Entry #1, 2. On March 25, 2008, this case was consolidated into the leading case. (D.E. 13). In his memorandum in case No. 08-CV-043, he requests that counsel be appointed to represent him. Henderson v. Quarterman, No. 08-CV-043, Docket Entry #2, at 1. Pending also is his motion for the appointment of habeas counsel. (D.E. 23, at 16).

There is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his

request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned <u>sua sponte</u> if there are issues which mandate an evidentiary hearing. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. <u>See</u> Rule 6(a) of the Rules Governing § 2254 Cases; <u>Thomas v. Scott</u>, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore ORDERED that petitioner's motions for the appointment of counsel be DENIED without prejudice.

ORDERED this 27th day of June 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE