IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-08-042 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state inmate currently incarcerated at the McConnell Unit in

Beeville, Texas.  On February 4, 2008, petitioner filed this petition for a writ of

habeas corpus challenging a disciplinary decision by the Texas Department of

Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), along with a

memorandum in support.  (D.E. 1, 2).  He also filed a petition and memorandum

challenging a separate decision.  Henderson v. Quarterman, No. 08-CV-043 (S.D.

Tex.), at Docket Entries #1, 2.  On March 25, 2008, the two cases were

consolidated.  (D.E. 13).

On April 25, 2008, respondent filed a motion for summary judgment.  (D.E.

19).  On June 3, 2008, petitioner filed a reply.  (D.E. 23).  For the reasons stated

herein, it is respectfully recommended that respondent's motion be granted.

# I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  When he filed this suit, petitioner was incarcerated in the McConnell Unit in Bee County, Texas, and therefore jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

# II.  BACKGROUND

Petitioner is imprisoned for burglary.  (D.E. 19, at 3).  He does not complain about his underlying state conviction, but rather challenges punishment imposed by TDCJ-CID pursuant to two separate disciplinary proceedings.[1]  (D.E. 1, at 5); (D.E. 1-2, at 5).

## A.    Disciplinary Case Number 20070183689.

On March 5, 2007, petitioner was notified that Sergeant Delacruz had initiated a disciplinary case against him for refusing to accept a housing assignment

---

[1] Although Rule 2(e) of the Rules Governing Section 2254 Cases requires that each petition seek relief from the judgment of only one state court, the Fifth Circuit has explained that "[t]he TDC is not a state court, and the application of good conduct time is not a judgment." Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) (allowing a petitioner to challenge both the state criminal conviction and a subsequent disciplinary proceeding in the same application); cf. Wadsworth, 235 F.3d at 962 (TDCJ-CID's grievance process is not a state court for purposes of the jurisdictional requirement of § 2241(d)).

in case No. 20070183689.  Disciplinary Hearing Records ("DHR") at 14.  On

March 5, 2007, a counsel substitute was appointed because of the case's

complexity, and because petitioner was in pre-hearing segregation.  Id. at 18.

Petitioner explained that the order was not legitimate because he was medically

restricted to a bottom bunk assignment in a ground floor cell.  Id. at 17.  His

counsel substitute obtained his medical records, which did not establish any

housing restrictions.  Id. at 22.  He also obtained a statement from Nurse M.

Rodriguez, who told him that a doctor had removed all medical restrictions on

April 17, 2006.  Id. at 23.

On March 7, 2007, a hearing was held.  Id. at 14.  Petitioner requested a

continuance to obtain his medical records, which was granted.  Id.  On March 9,

2007, the disciplinary hearing officer ("DHO") found petitioner guilty after

denying a second continuance to obtain the records.  Id. at 14.  He was placed on

commissary and recreation restriction for thirty days, and remained at Line Class 3.

Id.

On March 30, 2007, petitioner filed a Step 1 grievance, complaining that

(1) the DHO allowed the counsel substitute to present adverse evidence after

petitioner waived her presence; (2) he did not authorize the release of his medical

records; (3) the DHO did not give him enough time to collect evidence; and

(4) insufficient evidence of guilt was presented at the hearing.  Disciplinary

Grievance Record ("DGR") at 11-12.  On April 27, 2007, the warden denied his

grievance, explaining that the evidence was sufficient to support the decision, and

that there were no procedural errors.  Id. at 12.

On May 1, 2007, petitioner filed a Step 2 grievance.  Id. at 9.  He

complained (1) that his medical classification had been changed without his

knowledge; (2) that the DHO did not give him enough time to collect evidence;

(3) his counsel substitute presented adverse testimony after her presence had been

waived; and (4) that forged medical evidence was presented at the hearing.  Id. at

9-10.  On May 22, 2007, Grievance Officer Kelli Ward affirmed the conviction,

explaining that the verdict was supported by sufficient evidence, that all due

process requirements were satisfied, and that the punishment was within agency

guidelines.  Id. at 10.  She also informed petitioner that his records showed no

housing restrictions after April 17, 2006.  Id.

In his federal habeas petition, petitioner alleges that the March 7, 2007

hearing was constitutionally defective because: (1) there was insufficient evidence

to support a finding of guilt; (2) the DHO was biased; (3) the counsel substitute

presented adverse evidence; (4) the DHO did not grant him a second continuance

to obtain evidence; and (5) that prison officials and medical staff conspired to

present false evidence.  (D.E. 1-2, at 7-8); <u>Henderson</u>, 08-CV-043, Docket Entry #2 at 1-2.  He also requests that the Court order the United States Attorney to investigate the alleged conspiracy.  <u>Henderson</u>, 08-CV-043, Docket Entry #2, at 1.

**B.   Disciplinary Case Number 20070186798.**

On March 7, 2007, petitioner was notified that Sergeant C. Todd had initiated a disciplinary case against him for refusing to accept a housing assignment in case No. 20070186798.  DHR at 3.  Sergeant Todd alleged that on March 6, 2007, petitioner refused to return to his cell, stating that "'I'm not going back in the cell until my legal mail is mailed.'"  <u>Id.</u> at 3.

On March 7, 2007, a counsel substitute was appointed because of the case's complexity, and because petitioner was in pre-hearing segregation.  <u>Id.</u> at 5. Petitioner explained that he did not want a counsel substitute, and that he had not refused to accept an assignment.  <u>Id.</u>  The counsel substitute interviewed the accusing officer, who explained that petitioner had failed to comply with his direct order to move.  <u>Id.</u> at 22.

On March 12, 2007, Captain W. Bates, the DHO, found petitioner guilty.  <u>Id.</u> at 3.  He relied on the charging officer's statement, petitioner's admission that he refused to return to his cell, and his failure to present any non-frivolous evidence.

Id.  He was placed on commissary and recreation restriction for forty-five days, lost fifteen days of good-time credits, and remained at Line Class 3.  Id.

On March 30, 2007, petitioner filed a Step 1 grievance, complaining that (1) insufficient evidence of guilt was presented; (2) the DHO did not call the accusing officer; and (3) his housing assignment violated his medical restrictions. DGR at 4-5.  He explained that he was locked in a holding cage when Sergeant Todd issued the order, and could not have complied.  Id. at 4.  On April 27, 2007, the warden denied his grievance, explaining that there were no procedural errors, and that petitioner admitted refusing to return to his cell at the hearing.  Id. at 5. He did, however, modify the charge to "refusing to obey orders" rather than "refusing to accept a housing assignment."  Id.

On May 1, 2007, petitioner filed a Step 2 grievance.  Id. at 2.  He complained that the DHO had not called the accusing officer.  Id.  On May 22, 2007, Grievance Officer Ward affirmed the conviction, explaining that the verdict was supported by sufficient evidence, that all due process requirements were satisfied, and that the punishment was within agency guidelines.  Id. at 3.

On January 22, 2008, petitioner filed a second Step 1 grievance.  Id. at 6.  He argued that the warden had violated his due process rights by adjusting the charges in violation of administrative rules, and that he did not receive pre-hearing notice

of the modified charge.  Id.  On February 29, 2008, the warden denied his

grievance, explaining that "[t]his issue was addressed at Step 1 and Step 2."  Id. at

7.

     In his federal habeas petition, petitioner alleges that the hearing was

constitutionally defective because: (1) he did not receive notice of the charge

before the hearing; (2) there was insufficient evidence to support a finding of guilt;

(3) the DHO was biased; and (4) the DHO refused to call the charging officer.

(D.E. 1, at 7-8).

## C.   Respondent's Motion For Summary Judgment And Petitioner's Opposition.

     In the pending motion, respondent argues that some of petitioner's claims

are procedurally defaulted, that no liberty interest was impaired by the punishments

imposed in case No. 20070183689, and that all of petitioner's claims relating to

case No. 20070186798 lack merit.  See generally (D.E. 19).  In his opposition to

the motion, petitioner argues that he has a liberty interest in his good-time credit

earning status.  (D.E. 23, at 16).  He also argues that he is entitled to immediate

release because respondent has produced a TDCJ-CID commitment inquiry sheet,

rather than a copy of the underlying judgment and sentence.  Id. at 9.

### III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must consider the record as a whole, reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960-61 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita

8

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot carry his burden by merely resting on allegations in the pleadings, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which he bears the burden of proof at trial."  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (quoting Celotex, 477 U.S. at 322-23).

## IV.  DISCUSSION

### A.    Petitioner's Unexhausted And Procedurally Defaulted Claims.

Petitioner seeks relief pursuant to 28 U.S.C. § 2254, and was therefore required to exhaust all of his claims in state court before filing this federal habeas petition.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999); Fisher, 169 F.3d at 302 (citation omitted).  However, Texas courts do not hear appeals of

9

prison disciplinary proceedings.  Ex parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (en banc).  Prisoners challenging these proceedings must instead complete the TDCJ-CID's administrative grievance procedure before seeking habeas relief in federal court.  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted); Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

TDCJ-CID provides a two-step procedure for presenting administrative grievances.  Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  An inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances. Morgan v. Dretke, 433 F.3d 455, 457 (5th Cir. 2005); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Respondent contends that several of petitioner's claims are not exhausted. Specifically, he argues that petitioner did not exhaust his claim that the DHO was biased in both cases.  (D.E. 19, at 7).  Moreover, in case No. 20070186798, respondent asserts that petitioner's claim that the charge was modified in violation of TDCJ regulations, and his claim that his due process rights were violated in connection with the modified charge, were both unexhausted.  Id.  Neither of petitioner's grievances allege that the DHO was biased.  Petitioner raised his claims pertaining to case No. 20070186798 in a Step 1 grievance.  DGR at 6.

10

However, neither Step 2 grievance addressed this claim.  Id. at 2-3, 9-10.

Accordingly, it is respectfully recommended that none of these claims are

exhausted.

The Fifth Circuit has explained that when "a prisoner fails to exhaust

available state remedies and 'the court to which the petitioner would be required to

present his claims in order to meet the exhaustion requirement would now find the

claims procedurally barred,'" the claims are procedurally defaulted.  Nobles v.

Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501

U.S. 722, 735 n.1 (1991)).  However, if a petitioner carries his burden of showing

that the procedural bar is not strictly or regularly followed, procedural default does

not apply.  See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997); Stokes v.

Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

The Texas legislature has given the Director of the TDCJ-CID the power to

"adopt policies governing the ... discipline of inmates...."  Tex. Gov't. Code Ann.

§ 494.002(a).  The Director has not granted hearing officers discretion to relax the

fifteen day grievance filing deadline at either step of the process.  TDCJ-CID

Offender Orientation Handbook, at 52, available at http://www.tdcj.state.tx.us/

publications/cid/publications-cid-offender-orientation-handbook.htm.  Petitioner

has not alleged that the rule against late petitions is not strictly or regularly applied,

11

nor has he carried his burden of showing proof on the issue.  See Emery, 139 F.3d at 195; Stokes, 123 F.3d at 860; see also Moffatt v. Director, TDCJ-CID, 390 F. Supp.2d 560, 563 (E.D. Tex. 2005) (accepting respondent's argument that, in Texas, "unexhausted disciplinary cases are procedurally barred from federal habeas corpus review because they cannot be reviewed in the prison grievance process").  It is therefore respectfully recommended that petitioner's claims of bias by both DHOs are procedurally defaulted.

However, procedural default does not apply when the state addresses the merits of a petitioner's claim without also finding that claim procedurally barred. Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992) ("[I]f the state courts reached the merits rather than relying on the procedural bar, we are also free to do so.") (quoting Tasco v. Butler, 835 F.2d 1120, 1122 (5th Cir. 1988)).  Where, as in Texas, there is no judicial review of prison discipline, the rule applies to DHO decisions because they are the "administrative equivalent to the state's highest court."  Moffatt, 390 F. Supp.2d at 563 (citation omitted).

In response to petitioner's second Step 1 grievance in case No. 20070186798, the grievance officer explained that the merits of this claim had already been considered.  DGR at 7.  He did not state or imply that the claims were procedurally barred.  Id.  Because the grievance system ruled on the merits of his

claims and did not find them procedurally barred, federal habeas review would not conflict with "giv[ing] proper respect to state procedural rules."  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997) (citing Coleman, 501 U.S. at 750-51).  It is therefore respectfully recommended that petitioner's claims regarding case No. 20070186798 be considered on the merits because they are not procedurally defaulted.

Habeas relief may be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the defaults and actual prejudice" as a result of the alleged violation of federal law, or else "show that 'failure to consider the claims will result in a fundamental miscarriage of justice.'"  Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005) (citations omitted); accord Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted).  "The fundamental miscarriage of justice exception ... is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him."  Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citing Coleman, 501 U.S. at 750).  "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  Id. at 221 (quoting Fairman v.

<u>Anderson</u>, 188 F.3d 635, 644 (5th Cir. 1999)); <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995).  Petitioner has offered neither good cause for his default nor new evidence of actual innocence.  Accordingly, it is respectfully recommended that petitioner's bias claims against both DHOs are procedurally defaulted.[2]

**B.    The Court Cannot Grant Habeas Relief Unless A Liberty Interest Is Impaired.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge that custody on the basis of federal law.  28 U.S.C. § 2241(c)(3), § 2254(a); <u>Boyd v. Scott</u>, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Only claims that challenge the fact or length of confinement and seek an immediate or speedier release are cognizable in habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 n.14 (1973); <u>see also</u> <u>Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994) (distinguishing conditions of confinement from fact of confinement); <u>Jackson v. Torres</u>, 720 F.2d

---

[2] Notwithstanding a petitioner's failure to exhaust state remedies, an application may be denied on the merits.  28 U.S.C. § 2254(b)(2).  The merits of petitioner's allegations of bias are therefore addressed below.

877, 879 (5th Cir. 1983) (per curiam).

A petitioner challenging a disciplinary hearing must also show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted).  The Supreme Court has explained that these liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison, 104 F.3d at 767.

In case No. 20070183689, petitioner was punished with cell restriction,

15

commissary restriction, and assignment to Line Class 3.  These punishments do not

pertain to the fact or length of confinement.  Moreover, the loss of commissary and

recreation privileges are not atypical, significant deprivations that could encroach

upon any liberty interest.  Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768

("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type

of atypical, significant deprivation in which a state might create a liberty

interest.").  Furthermore, prisoners have no protected interest in assignment to any

good-time credit earning status.  Malachi, 211 F.3d at 958-59; Luken v. Scott, 71

F.3d 192, 193 (5th Cir. 1995) (per curiam).[3]  It is therefore respectfully

recommended that petitioner cannot challenge disciplinary case No. 20070183689

in a federal habeas action because the punishments impaired no protected liberty

interest.

**C.    Petititioner's Claims.**

**1.    Petitioner has a liberty interest in his good-time credit.**

The forfeiture of good-time credit impacts a liberty interest.  The Fifth

Circuit has determined that the Texas mandatory supervision program created a

---

[3] Petitioner argues that he has a protected liberty interest because "all I need do is not be demoted to a Line Class 3 or be directed to 'Remain Line Class 3' and my release will come automatically...."  (D.E. 23, at 13).  In Malachi, the Fifth Circuit foreclosed this argument.  See 211 F.3d at 959.

16

constitutional expectancy of early release for all inmates convicted of offenses committed prior to September 1, 1996. Malachi, 211 F.3d at 957-58. Petitioner is serving a sentence imposed in 1993 and is eligible for early release. (D.E. 19, Ex. A, at 4). Therefore, he has a constitutionally protected liberty interest in his earned good-time credit. See Teague v. Quarterman, 482 F.3d 769, 771 (5th Cir. 2007).

When a prisoner has a protected liberty interest in good-time credit, it cannot be taken without procedural due process. Henson v. U. S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000) (per curiam); see also Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (explaining that when the state creates a liberty interest, prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). However, because a prison disciplinary hearing is not part of a criminal prosecution, "the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556 (citation omitted). If an inmate faces disciplinary action that threatens a liberty interest, he must be provided: (1) a written notice of the charges against him, provided at least twenty-four hours before the hearing; (2) a written statement by the fact-finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional

17

safety or correctional goals.  Id. at 563-66; Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000).

### 2.     Petitioner's rights were not violated in case number 20070183689.

Petitioner was charged with refusing to accept a housing assignment.  DHR at 14.  Respondent has presented uncontroverted evidence that he was given twenty-four hours written notice and a written statement of the evidence relied on and the reasons for imposing punishment.  Id.  Accordingly, it is respectfully recommended that the DHO did not violate petitioner's procedural due process rights in this disciplinary case.

Petitioner claims that the evidence against him was insufficient for a determination of guilt.  Federal habeas review of the evidentiary support for a DHO's decision is extremely limited; due process requires only "some evidence to support the findings made in the disciplinary hearing."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); see also Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (per curiam) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted) (emphasis added).  A federal court should not disturb a hearing officer's decision unless the petitioner can show that it was arbitrary and capricious.  Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam).

18

The Fifth Circuit has explained that an offense report, written by an officer with first hand knowledge, is "some" evidence to support the prison disciplinary board's finding of guilt.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (citation omitted).

Respondent has produced an offense report, DHR at 19, along with a nurse's statement that petitioner had no medical restrictions after April 17, 2006.  Id. at 23. It is therefore respectfully recommended that the DHO's finding of guilt was supported by sufficient evidence.

Petitioner also alleges that the DHO was biased, as shown by his permitting counsel substitute to introduce adverse evidence.  (D.E. 1-2, at 7).  An inmate is entitled to have his case decided by an impartial decisionmaker.  See Wolff, 418 U.S. at 570-71.  However, the Fifth Circuit has explained that "prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts."  Frank v. Larpenter, 234 F.3d 706, 2000 WL 1598076, at *3 (5th Cir. Oct. 3, 2000) (unpublished) (quoting Allen v. Cuomo, 100 F.3d 253, 259 (2nd Cir. 1996)).  "[T]he extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'"  Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir.

19

1984) (quoting <u>Wolff</u>, 418 U.S. at 561-62).  To prevail on a claim of adjudicator

bias, a petitioner must show that the hearing officer's involvement "present[ed]

'such a hazard of arbitrary decisionmaking that it should be held violative of due

process of law.'"  <u>Frank</u>, 2000 WL 1598076, at *3 (quoting <u>Wolff</u>, 418 U.S. at

571).  Allowing counsel substitute to present unfavorable evidence shows no such

risk.  <u>See</u> <u>Adams</u>, 729 F.2d at 370 (no such risk where member of disciplinary

panel had previously settled lawsuit by petitioner on unrelated matter);

<u>see</u> <u>also</u> <u>Wolff</u>, 418 U.S. at 592 (explaining that "in my view due process is

satisfied as long as no member of the disciplinary board has been involved in the

investigation or prosecution of the particular case, or has had any other form of

personal involvement in the case") (Marshall, J., concurring in part and dissenting

in part).  Accordingly, it is respectfully recommended that this claim is without

merit.

Petitioner next argues that his rights were violated when counsel substitute

presented inculpatory evidence at the hearing.  (D.E. 1-2, at 7).  A prison inmate

has no constitutional right to either retained or appointed counsel in a disciplinary

proceeding.  <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 315 (1976) (citing <u>Wolff</u>, 418

U.S. at 570); <u>Enriquez v. Mitchell</u>, 533 F.2d 275, 276 (5th Cir. 1976) (per curiam).

As there is no constitutional right to counsel in a disciplinary proceeding, a

prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.  See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).  Moreover, the medical records were under respondent's control and were accessible by computer to prison officials, including the DHO.  Indeed, respondent will typically provide such records during disciplinary proceedings when a medical hold is at issue.  Thus, counsel substitute's performance did not result in prejudice.  See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (citation omitted).  It is therefore respectfully recommended that counsel substitute's performance did not violate petitioner's rights.

Petitioner also claims that his constitutional rights were violated when the DHO did not grant him a second continuance to obtain documentary evidence. (D.E. 1-2, at 8).  He alleges that he did not receive his medical records until the day after the hearing, and that these records were forged.  Id. at 7.  On June 15, 2007, he received a transfer screening sheet from the University of Texas Medical Branch which proves he was under a medical restriction and could not be asked to move to a new cell.  Id. at 8.  Moreover, he alleges that he is currently medically restricted to a ground-floor, bottom bunk.  See Henderson, No. 08-CV-043, Docket Entry #2 at 2.

Petitioner has provided the records he would have presented at the hearing. See id. at Ex. 1.  While they do show he was medically restricted to a lower bunk on March 29, 2006, they do not negate the documentary evidence showing that his restrictions were lifted on April 17, 2006.  Id. at Ex. 3; see also DHR at 23.  He therefore does not show that their absence prejudiced him.  See Hallmark, 118 F.3d at 1080 (citation omitted).  Accordingly, it is respectfully recommended that this claim is without merit.

Petitioner also alleges that prison officials falsified evidence in furtherance of a conspiracy to endanger his life by violating his medical restrictions.  See Henderson, No. 08-CV-043, Docket Entry #2 at 1-2.  Where a disciplinary hearing does not otherwise violate a petitioner's rights, allegations of falsified evidence are not grounds for federal habeas relief.  See Spellmon v. Price, 100 F.3d 953, 1996 WL 625422, at *3 (5th Cir. Oct. 10, 1996) (per curiam) (unpublished) (citing Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984)); see also Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Accordingly, it is respectfully recommended that this claim is without merit.

Finally, petitioner requests that the United States Attorney investigate his allegations that he is the target of a conspiracy.  Henderson, 08-CV-043, Docket

Entry #2 at 1.  The Fifth Circuit has explained that "[i]f 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit."  Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Petitioner's allegations, if proven, would not entitle him to early release. Moreover, as any relief granted on this issue would be unrelated to the cause of his detention, there is none available in a habeas action.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted).  Accordingly, it is respectfully recommended that petitioner's request be denied.

**3.    Petitioner's rights were not violated in case number 20070186798.**

Petitioner alleges that he was denied notice of the charge against him.  (D.E. 1, at 7).  He was originally charged with refusing to accept a housing assignment. DHR at 7.  During the grievance process, the charge was changed to "failure to obey orders."  DGR at 5.  However, the offender notification form states that he was "ordered by Sergeant Todd to accept and move into 8k39B, and said offender failed to obey the order because he stated 'I'm not going back in the cell until my legal mail is mailed.'"  DHR at 3.  Petitioner was therefore on notice of the factual basis of the charge.  See Dixon v. Hastings, 202 Fed. Appx. 750, 752 (5th Cir.

2006) (per curiam) (unpublished) (citing <u>Wolff</u>, 418 U.S. at 564).[4]  Indeed, "*both*

charges were based on the same facts and subject to the same defense."  <u>Id.</u>

(emphasis in original).

Moreover, petitioner does not claim that he was prejudiced by the notice.  <u>Id.</u>

(citing <u>Hallmark</u>, 118 F.3d at 1080).  Instead, he argues that the DHO violated

prison regulations.  A prison official's failure to follow internal rules or

administrative procedures does not violate due process as long as the proceedings

comply with constitutional minimums.  <u>See</u> <u>Stanley v. Foster</u>, 464 F.3d 565, 569

(5th Cir. 2006) (citation omitted).  It is therefore respectfully recommended that the

notice complied with all due process requirements.

Petitioner claims that his conviction was not supported by sufficient

evidence.  (D.E. 1, at 7).  Respondent has produced an offense report by the

accusing officer.  DHR at 7.  Accordingly, it is respectfully recommended that

petitioner's disciplinary conviction was supported by sufficient evidence.

Petitioner also argues that the DHO was biased.  (D.E. 1, at 7).  In support of

this, he explains that "[t]he hearing officer didn't take into Account that the cage I

-------------------------------------------

[4] According to TDCJ-CID regulations, refusing a housing assignment is an included offense of refusing to obey an order.  <u>See</u> TDCJ-CID Disciplinary Rules and Procedures, at 28, <u>available at</u> http://www.tdcj.state.tx.us/publications/publications-home.htm.

was locked in I couldn't exit, only until Sgt. Todd let me out by using the keys."
Id. The DHO's decision to credit the offense report rather than petitioner's
statement at the hearing does not establish personal bias. Accordingly, it is
respectfully recommended that this claim is meritless.

Petitioner further argues that the DHO violated his rights by refusing to call
the charging officer. (D.E. 1, at 8). Prisoners have a right to call witnesses and
present evidence at disciplinary hearings. While the Supreme Court has explained
that a prisoner's right to call witnesses and present evidence in disciplinary
hearings is "a limited one, available to the inmate 'when permitting him to do so
will not be unduly hazardous to institutional safety or correctional goals,'" the
respondent bears the burden of showing that the denial was not arbitrary or
capricious. Ponte v. Real, 471 U.S. 491, 499 (1985) (quoting Wolff, 418 U.S. at
566); see also Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994) (per curiam)
(when reviewing disciplinary actions, "the court may act only where arbitrary or
capricious action is shown") (citation omitted). "Thus, prison officials can limit
the evidence a prisoner presents when they can articulate a legitimate reason for
doing so." Henson, 213 F.3d at 898 (citing Ponte, 471 U.S. at 495-98; Hill, 472
U.S. at 454).

The DHO found that petitioner presented only frivolous evidence in his

25

defense.  DHR at 4.  Moreover, petitioner did not request that the charging officer be present before the hearing.  Id. at 5.  It is therefore respectfully recommended that the DHO refused to call the charging officer for legitimate reasons, and that this claim is without merit.

### 4.   Petitioner's claim that he is entitled to immediate release is not properly before the Court.

Petitioner argues that his underlying conviction is invalid because respondent does not have a copy of his conviction and sentence.  (D.E. 23).  This claim was raised for the first time in his reply to the pending motion.  He has not requested leave to amend his complaint, and the claim is therefore not properly before the Court.  See United States v. Sangs, 31 Fed. Appx. 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (per curiam) (unpublished) (citing United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998)); Luke v. Quarterman, No. 4:07-CV-468, 2008 WL 373121, at *1 n.2 (N.D. Tex. Feb. 12, 2008) (unpublished).

Moreover, petitioner does not claim that he was never convicted and sentenced.  Instead, he explains that "[b]ecause of the audacity of Respondent and his counsel, I will not state whether I possess copies of the minutes of the trial court."  (D.E. 23, at 20).  He thus fails to make the threshold showing of "manifest

injustice" the Fifth Circuit requires before addressing claims raised for the first time in a reply brief.  Hopper v. Dretke, 106 Fed. Appx. 221, 228 n.25 (5th Cir. 2004) (unpublished) (citation omitted); see also United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (per curiam) (citation omitted) (pro se litigants subject to rule against raising new claims in reply briefs).  Accordingly, it is respectfully recommended that this claim is not properly before the Court.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

27

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

requires a § 2254 petitioner to demonstrate that reasonable jurists could debate

whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

 As to claims district courts reject solely on procedural grounds, a petitioner

must show both that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural

ruling."  Slack, 529 U.S. at 484 (emphasis added).

 It is respectfully recommended that reasonable jurists could not debate the

denial on substantive or procedural grounds nor find that the issues presented are

adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 19), be granted.  It is further respectfully recommended that petitioner's request for an injunction be denied, and that the Court not consider his attack on his underlying conviction.  Finally, it is respectfully recommended that he be denied a certificate of appealability.

Respectfully submitted this 30th day of June 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

29

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).